IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. PISKANIN, | : | CIVIL NO. 1:14-CV-2370 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| ATTORNEY GENERAL, U.S. AND U.S. ATTORNEY, MIDDLE DISTRICT OF PENNSYLVANIA, | : | |
| Respondents | : | |

## MEMORANDUM

Michael J. Piskanin, a state inmate presently incarcerated at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania, filed the instant petition for a writ of mandamus (Doc. 1) pursuant to 28 U.S.C. § 1361 on December 15, 2014. He seeks to proceed *in forma pauperis*. (Doc. 5). The motion to proceed *in forma pauperis* will be granted and the petition will be dismissed pursuant to the court's inherent power to control its own docket. See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991) (finding that court's inherent power is not displaced by statutes); see also U.S. v. Hudson and Goodwin, 7 Cranch (11 U.S.) 32, 34, 3 L.Ed. 259 (1812) (recognizing that courts are vested with certain inherent powers that are not conferred either by Article III or by statute, but rather are necessary to all other functions of courts).

I.   **Background**

Piskanin identifies himself as a Federal Law Enforcement Operative Contractor Employee ("FLEOCE") serving as a witness in federal criminal investigations for the Federal Bureau of Investigations ("F.B.I."). (Doc. 1, p. 1). He has requested protection from the U.S. Attorney for the Middle District of Pennsylvania *via* a letter dated November 15, 2014, asserting that he "... was and am a 'victim' and-or 'witness' within the meaning of 18 USCA Sec. 1514 and [am] entitled to have harassment imposed against me restrained." (Id. at 1, 3). He received no response to the letter. (Id. at 1). He now seeks an order compelling the U.S. Attorney "to file a civil action to restrain harassment of FLEOCE and consult with FLEOCE as to claims of harassment...." (Id. at 2).

II.  **Discussion**

A district court has jurisdiction under 28 U.S.C. § 1361 to issue a writ "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff," but the writ may issue only for "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Mandamus is a drastic measure "to be invoked only in extraordinary situations." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, (1980)). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the

circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks and punctuation omitted).

Piskanin is not entitled to relief. His alleged status as a "former operative" or F.B.I witness does not support a claim that he is owed a nondiscretionary duty from the U.S. Attorney to provide him protection from alleged harassment. Moreover, he cannot establish a clear and indisputable right to the issuance of a writ or demonstrate that the writ is appropriate under the circumstances. The Victim and Witness Protection Act, 18 U.S.C. § 1514, provides for the issuance of a temporary restraining order ceasing harassment of a victim or witness in a federal criminal case upon motion by the attorney for the government. See Ruston v. Hill, No. 3:01-CV-2087-H, 2002 WL 32359948, at *3 (N.D. Texas, Sept. 26, 2002) citing18 U.S.C. § 1514(a)(1) and (b)(1). Piskanin has failed to identify a pending federal criminal case in which he is a victim or witness and, therefore, has not established a clear right to the issuance of a writ. Further, absent such critical information, it would be inappropriate to compel the U.S. Attorney to seek a temporary restraining order on his behalf. The petition is therefore subject to dismissal.

### III. Conclusion

Based on the foregoing, the petition will be dismissed. An appropriate Order will issue.

/s/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: February 4, 2015